IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERMAIN D. SANDERS

      Plaintiff,

    v.                                Case No. 11-CV-4179-JTM

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS

      Defendant.

## <u>MEMORANDUM IN SUPPORT OF<br>DEFENDANT'S MOTION TO DISMISS</u>

Defendant, Erik K. Shinseki, Secretary of Veterans Affairs, appears by and through his attorneys, Barry R. Grissom, United States Attorney for the District of Kansas, and D. Brad Bailey, Assistant United States Attorney.

## <u>NATURE OF THE CASE</u>

Plaintiff filed her four Count Complaint on December 2, 2011.  (Doc. 1)  In Count I Plaintiff alleges the Department of Veterans Affairs ("VA") discriminated against her because of her disability in violation of 29 U.S.C. §794 of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq.* ("Rehabilitation Act").   Count II alleges the VA violated 29 U.S.C. §791 by failing to take affirmative actions to employ her.   In Count III Plaintiff alleges the VA retaliated against her because she engaged in an activity protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq. (Title VII).   In Count IV Plaintiff alleges Defendant interfered with her rights under the Family Medical Leave Act, 29 U.S.C. §2611 (FMLA).

1

## PLAINTIFFS FACT ALLEGATIONS

1.      Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 29 U.S.C. §1331.   (Doc. 1, ¶2).

2.      Count I of Plaintiff's Complaint, which is entitled "Disability Discrimination," pleads 29 U.S.C. §794 as the statute that authorizes a civil judicial action against the United States alleging discrimination against a qualified individual with a disability.   (Doc. 1, ¶22).

3.      Count I of Plaintiff's Complaint prays for judgment against Defendant in the form of monetary damages in excess of $100,000.   (Doc. 1 at 5).

4.      Count II of Plaintiff's Complaint, which is entitled "Failure to Take Affirmative Action," pleads 29 U.S.C. §791 as the statute that authorizes a civil judicial action against the United States alleging a federal agency failed to affirmatively act to employ disabled individuals. (Doc. 1, ¶27).

5.      With regard to Count II of Plaintiff's Complaint, it is alleged Defendant failed to take "affirmative actions" to maintain Plaintiff's "continuous employment, thus causing the plaintiff to take unpaid leave."   (Doc. 1, ¶28).

6.      In Count III of her Complaint, Plaintiff alleges Defendant violated Title VII by retaliating against her for challenging a written reprimand issued on January 28, 2008, and asserting a proposed ten day suspension as motivated by her race.   (Doc. 1, ¶¶ 11, 32)

7.      Count IV of Plaintiff's Complaint, which is entitled "Interference with FMLA Rights," pleads 29 U.S.C. §2615(a) (1) as the statute that authorizes a civil judicial action against the United States alleging interference with an employee's rights under the FMLA.

2

8.     With regard to Count IV of her Complaint, Plaintiff alleges a fourteen day suspension sustained December 31, 2008, "interfered" with her right to take leave pursuant to the FMLA.   (Doc. 1, ¶¶ 19, 36, 37)

9.     Plaintiff alleges she is a qualified individual with a disability within the purview of the Rehabilitation Act because she has been diagnosed with colitis and irritable bowel syndrome. (Doc. 1, ¶ 9, 23)

10.    Plaintiff alleges her medical condition, colitis and irritable bowel syndrome, was the "determining" factor in Defendants "adverse" actions. (Doc. 1, ¶ 24)

11.    Plaintiff alleges a heating pad would have relieved the symptoms associated with her medical condition.   (Doc. 1, ¶ 14)

12.    Plaintiff alleges that on July 22, 2008, her supervisor, Mr. Isaacks, denied her request to use a heating pad at work and, as a result, she was forced to take leave pursuant to the FMLA.   (Doc. 1, ¶¶ 14, 15, 19)

13.    Plaintiff alleges Defendant's "adverse" action was retaliation for Plaintiff's claim that a written reprimand issued January 28, 2008, and a ten (10) day suspension proposed April 1, 2008, were motivated by racial animus.   (Doc. 1, ¶ ¶ 10, 11, 32, and 33)

## ADDITIONAL INCONTROVERTIBLE FACTS

14.    Defendant has an employment policy addressing the use of small personally owned electronic devices in the workplace.  Pursuant to this policy, the use of such devices must be approved by the supervisor of the employee making the request.   (Doc. 1, ¶ 15) A copy of the referenced document was included in Defendant's Initial Disclosures under Rule 26 and is attached hereto as **Ex. 1.**

15.     Defendant has an employment policy concerning the processing of requests for accommodations by qualified individuals with disabilities.   (Doc. 1, ¶ 28) A copy of the referenced document was included in Defendant's Initial Disclosures under Rule 26 and is attached hereto as **Ex. 2** .

16.     On September 16, 2008, Plaintiff provided Defendant a letter from her doctor recommending she be allowed to use a heating pad at work as a means of accommodating her medical condition.   A copy of the referenced document was included in Defendant's Initial Disclosures under Rule 26 and is attached hereto as **Ex. 3**.

17.     On November 4, 2008, Defendant authorized Plaintiff to use a heating pad at work. A copy of the referenced document was included in Plaintiff's Initial Disclosures under Rule 26 and is attached hereto as **Ex. 4.**

18.     Plaintiff filed a formal administrative complaint dated November 4, 2008, alleging employment discrimination.   (Doc. 1, ¶¶ 10, 11)   Based on the allegations in her administrative complaint, the VA's Office of Resolution Management ("ORM"), which is responsible for accepting or denying formal discrimination complaints for investigation, accepted for investigation the issue of whether the denial of Plaintiff's July 21, 2008, request to use a heating pad was motivated by disability and or retaliation discrimination.   *Shermain D. Green v. Shinseki,* 2011 WL 4343936 (E.E.O.C., September 2, 2011), **Ex. 5**.

19.     In response to an amendment to her original EEO complaint the ORM later agreed to also investigate whether Plaintiff's fourteen (14) day suspension, sustained December 31, 2008, and served from January 6, 2009, through January 19, 2009, was motivated by disability and or retaliation discrimination.   *Shermain D. Green v. Shinseki,* 2011 WL 4343936 (E.E.O.C., September 2, 2011), **Ex. 5**.

4

20.     On September 2, 2011 the EEOC, OFO, affirmed the VA's final decision finding

no discrimination.     *Shermain D. Green v. Shinseki,* 2011 WL 4343936 (E.E.O.C., September 2,

2011), **Ex. 5**.

**SUMMARY OF ARGUMENT**

Count I and Count IV of Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted.   Count II and Count III of

Plaintiff's Complaint should be dismissed to pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state

a claim upon which relief can be granted.

**LEGAL STANDARDS APPLIED TO A MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)**

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes

one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's

allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In

reviewing a facial attack on the complaint, a district court must accept the allegations in the

complaint as true."[1] "Second, a party may go beyond allegations contained in the complaint and

challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual

attack on subject matter jurisdiction, a district court may not presume the truthfulness of the

complaint's factual allegations. A court has wide discretion to allow affidavits, other documents,

---

[1]*Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221 (10th Cir. 2001); Holt v. United States, 46 F.3d 1000,
1002 (10th Cir. 1995).*

5

and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[2] In a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.[3]

## SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[4] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[5] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[6] Thus, in response to a motion to dismiss for lack of subject matter jurisdiction the plaintiff bears the burden of showing why the case should not be dismissed.[7] And, mere conclusory allegations of jurisdiction are not enough.[8]

---

[2]*Holt, 46 F.3d. at 1003; see also U.S. ex rel Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).*

[3]*Id.   See also, Reith v. Swenson*, 1993 WL 108056, *4 (D.Kan. 1993) (holding that "a court is generally free to weigh and review materials outside of the pleadings when making its factual determination concerning subject matter jurisdiction.").

[4]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[5]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)

[6]*Montoya*, 296 F.3d at 955.

[7]*Harms v. IRS*, 146 F.Supp. 2d 1128, 1130 (D. Kan. 2001); *Holt, 46 F.3d. at 1003; see also U.S. ex rel Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).*

[8]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN TOTO
## FOR FAILURE TO ESTABLISH THE COURT'S JURISDICTION

Grounded in the importance of maintaining the principles of federalism embodied in the limited grant of power to federal courts by Article III of the United States Constitution, it is well settled that federal courts are courts of limited jurisdiction.   Federal courts have no more power than what is granted to them by the Constitution or statutes.   "It is presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[9]   As such, there can be no presumption of jurisdiction.   Rather, it must be affirmatively established in the complaint.[10]   The parties cannot, by consent or conduct, waive the lack of jurisdiction.

Plaintiff asserts this Court has subject matter jurisdiction over Plaintiff's claims pursuant 29 U.S.C. §1331.   Doc. 1 at ¶2.   Title 29 of the United States Code does not include a section 1331.   Thus, Plaintiff has failed to a cite a proper fundamental basis for federal subject matter jurisdiction.   For that reason alone her Complaint must be dismissed for failure to affirmatively establish subject matter jurisdiction in the Complaint.

Presumably, Plaintiff intended to cite to 28 U.S.C. §1331, the general federal question statute, as a basis for federal subject matter jurisdiction.   However, even if that is the case, it is well settled that while that section affords a grant of jurisdiction to the district courts for matters raising federal questions, it does not, itself, constitute a waiver of federal sovereign immunity. The United States and its agencies must consent to be sued and section 1331 is not a general waiver of

---

[9]*Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1675 (1994).

[10]See, e.g., *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178 (1936).

sovereign immunity.[11]   Section 1331 of Title 28 "merely establishes a subject matter that is within the competence of federal courts to entertain."[12]   Plaintiff cannot rely on section 1331 as a jurisdictional basis unless another statute provides an applicable waiver of sovereign immunity.

**COUNT I SHOULD BE DISMISSED FOR
LACK OF SUBJECT MATTER JURISDICTION**

In Count I of Plaintiff's Complaint, Plaintiff alleges that pursuant to 29 U.S.C. §794, referred to as Section 504 of the Rehabilitation Act, prohibits federal agencies from discriminating against a qualified individual with a disability and her disability was the "determining" factor in Defendant's "adverse" decisions.   Doc. 1 at ¶¶22 and 24. Plaintiff seeks only monetary relief for Count I in the form of back pay, loss of benefits, front pay and compensatory damages.

**THE REHABILITATION ACT OF 1973**

The two basic statutory provisions to the Rehabilitation Act of 1973 that create the substantive right to nondiscrimination on the basis of disability are referred to as Sections 501 and 504.

Section 501 is found at 29 U.S.C. §791(b), and provides that federal agencies must prepare "an affirmative action program for the hiring, placement, and advancement of individuals with disabilities in such . . . agency. . . .   Such plan shall include a description of the extent to which and methods whereby the special needs of employees who are individuals with disabilities are being met."[13] 29 U.S.C. §791(g) also provides that "[t]he standards used to determine whether this

---

[11]Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990); Coggeshall Development Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989).

[12]*Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (quoting Coggeshall Development Corp., 884 F.2d at 4).

[13]29 U.S.C. §791(b).

8

section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 . . . and the provisions of sections 501 through 504, and 510 of the Americans with Disabilities Act of 1990 . . . as such sections relate to employment."

Section 504 is found at 29 U.S.C. §794(a), and provides that "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."[14]

Section 505 of the Rehabilitation Act found at 29 U.S.C. §794a creates the **remedy** for violations of the Rehabilitation Act.  29 U.S.C. §794a(a)(1) addresses violations of section 501 (29 U.S.C. §791) and incorporates the remedies and procedures applicable to Title VII actions against the United States pursuant to 42 U.S.C. §2000e-16.  29 U.S.C. §794a(a)(2) addresses violations of section 504 (29 U.S.C. §794) and incorporates the remedies and procedures applicable to Title VI actions against the United States pursuant to 42 U.S.C. §2000d.

Simply put, 29 U.S.C. §794, the statute which Plaintiff cites as the authority for Count I, does not waive the sovereign immunity of the United States for monetary damages.[15]   In *Lane*, the plaintiff sued the Secretary of Transportation claiming a Section 504 (29 U.S.C. §794) violation for terminating his enrollment as a Merchant Marine cadet because he was a diabetic.

---

[14]29 U.S.C. §794(a)

[15]*Lane v. Pena*, 518 U.S. 187, 192-194 (1996).

Lane was granted reinstatement and monetary damages by the district court, but the damages award was then vacated after a District of Columbia Circuit Court decision in another case, *Dorsey v. U.S. Dept. of Labor*, 41 F.3d 1551 (D.C. Cir.1994),   held that the Rehabilitation Act does not waive sovereign immunity for monetary damages in Section 504 claims.   The Supreme Court granted certiorari to address the issue of whether "Congress has waived the Federal Government's immunity against monetary damages awards for violations of Section 504 of the Rehabilitation Act."[16]   In resolving the issue, the Supreme Court looked to 29 U.S.C. §794a(a)(2) or Section 505 of the Act, which describes the remedies available for Section 504 claims.   Section 505 applies the remedies of Title VI to persons aggrieved by a recipient of Federal assistance or a Federal provider of such assistance.   The Supreme Court found that language to be inadequate to constitute a waiver of sovereign immunity when the claim is brought against a federal agency such as the Department of Transportation.[17]   The Court also noted that the Civil Rights Acts of 1991, 42 U.S.C. §1981a(a)(2), only permits compensatory damages in "an action brought by a complaining party under the powers, remedies, and procedures set forth . . . in section 794a(a)(1) of Title 29 [which applies to violations of §501 by the Federal Government] . . .."[18]

In other words, Section 505 of the Act provides the remedy for cases brought under Section 501 or 29 U.S.C. §791, but not Section 504 or 29 U.S.C. §794.   Accordingly, there is no waiver of sovereign immunity for monetary damages in Section 504 cases brought against an agency of the United States. Count I of Plaintiff's Complaint is a Section 504 claim against an agency of the

---

[16]*Lane*, 518 U.S. at 191.

[17]*Id*. at 192-193.

[18] *Id*. at 194.

10

United States for which the only relief sought is monetary in nature.   Without a proper waiver of sovereign immunity for the monetary damages sought in Count I of the Plaintiff's Complaint, there is no subject matter jurisdiction.

Plaintiff cannot plead a source of jurisdiction for Count I of her Complaint and therefore it should be dismissed for lack of subject matter jurisdiction.

### COUNT IV SHOULD BE DISMISSED FOR
### LACK OF SUBJECT MATTER JURISDICTION

In Count IV Plaintiff alleges her employer, the United States, interfered with her rights under the FMLA and claims 29 U.S.C. §2615(a)(1) is the basis for making this claim against the United States.

### FAMILY MEDICAL LEAVE ACT

Enacted in 1993, the FMLA was designed to allow employees to take periods of leave from their jobs for various health and family related reasons. As enacted, the FMLA contains two Titles: Title I, codified at 29 U.S.C. §&§ 2601-2916 and Title II, codified at 5 U.S.C. §§ 6381-6387. Title I governs leave for private employees and federal employees *not covered by Title II*, and it provides for up to twelve weeks per year of unpaid leave for workers who give adequate notice, 29 U.S.C. § 2612(a), and obtain medical certification of the need to take time off for a qualifying personal or family medical condition.[19]   Title II of the FMLA guarantees the same **substantive** rights given private and Title I federal employees to qualifying federal civil service employees.[20]

---

[19]29 U.S.C. § 2613.

[20]5 U.S.C. §§ 6381-6387.

Through a series of nested definitions, Congress has determined which federal employees fall under Title II of the FMLA. Under Title II, "the term 'employee' means any individual who (A) is an 'employee' as defined by section 6301(2) . . . and (B) has completed at least 12 months of service as an employee . . ." 5 U.S.C. § 6381(1)(A). Section 6301(2) of the United States Code refers to 5 U.S.C. § 2105 for the definition of an "employee." Section 2105 defines an "employee" as generally anyone appointed to a federal service position, who is performing a federal function, and who is being supervised by another appointed employee or other persons identified in that statute.[21]

A Title II employee is any federal civil service employee who has worked more than twelve months in civil service, who is not a postal employee, and who does not meet the narrow exceptions identified in 5  U.S.C. § 2105(a).  Most individuals employed by the federal government are covered under Title II. For instance, in the following cases, each of the employees were found to be covered by Title II of the FMLA:  *Russell v. United States Dep't of Army*, 191 F.3d 1016 (9th Cir. 1999) (Army Corps of Engineers employee); *Mann v. Haigh*, 120 F.3d 34 (4th Cir. 1997) (Non-appropriated fund employee); *Keen v. Brown*, 958 F. Supp. 70 (D. Conn. 1997) (Department of Veterans Affairs laundry service worker); *Sutherland v. Bowles*, 1995 WL 367937 (E.D. Mich. 1995) (United States Small Business Administration employee under a temporary appointment for a period exceeding one year); *New-Howard v. Shinseki*, 2012 WL 2362546, n. 4, (E.D.Pa., June 21, 2012) (Plaintiff, an employee of the Department of Veterans Affairs, is a Title II employee and as such may not maintain a cause of action under the FMLA).

---

[21] 5 U.S.C. § 2105(a).

While Title I and Title II employees under the FMLA are afforded equivalent rights to leave time, Title I contains two sections which have no counterpart in Title II. Section 105 of Title I prohibits an employer from interfering with or denying the exercise of an employee's rights under the FMLA. 29 U.S.C. § 2615. Section 107 of Title I provides that employers who violate section 105 will be liable to aggrieved employees for monetary damages and equitable relief.[22]   To that end, section 107 authorizes the Secretary of Labor or the aggrieved employee to bring a civil action against an employer in federal or state court. 9 U.S.C. § 2617(a)(2). Title II of the FMLA contains no provisions analogous to sections 105 and 107 of Title I.[23]

To date, the Fourth and Ninth Circuits have considered whether Title II of the FMLA provides federal employees with a private right of action, as is provided under Title I. Both circuits have held that it does not.[24]   Similarly, the three district courts that have considered the issue have also held that Title II employees do not have a private right of action.[25]

The crux of the courts' analyses is based upon sovereign immunity. In observing that Title II of the FMLA contains no provisions for a private cause of action, such as contained in Title I, the courts have uniformly held that Congress did not intend to waive the government's sovereign immunity. Indeed, the absence of express statutory authorization for such suits under Title II

---

[22]  29  U.S.C. § 2617

[23] 5 U.S.C.§§ 6381-6387

[24]*Russell*, 191 F.3d 1018-19 (federal employee's FMLA claims brought against the Department of Army were correctly dismissed because a private suit could not be brought for violation of the FMLA's Title II); *Mann*, 120 F.3d at 37 (affirming dismissal of federal employee's FMLA claims because Title II of the FMLA does not provide a private right of action whereby federal employees may obtain judicial review of adverse employment decisions under FMLA).

[25]*Keen*, 958 F. Supp. at 72-75 and *Sutherland*, 1995 WL 367937 (E.D. Mich.   1995);*New-Howard*, 2012 WL 2362546 (E.D. Pa. 2012)

supports this premise in that before sovereign immunity is waived, there must be an unequivocally expressed waiver. "Absent [a] waiver, sovereign immunity shields [the] federal government and its agencies from suit."[26]   In further support of this premise, the *Keen* court reviewed the House Report proceedings concerning Title II and found that the Report also indicated that Congress did not intend to give federal employees a judicial remedy.[27]   The Report states that, "[t]he Committee believes the provision of Title II affecting federal employees can be adequately enforced using existing grievance procedures established by a collective-bargaining agreement or by agency management."[28]

As the *Mann* court held, because "[n]o unequivocal waiver of immunity exists in Title II . . . the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA."[29] Where two sections of the same statute contain different language, federal courts have traditionally honored the canon that Congress intended the difference.[30]Accordingly, Title II of the FMLA

---

[26]*Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 476 (1994); *see also Army and. Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 734 (1982) (stating that suits against the government may proceed "only if Congress has consented to suit; 'a waiver of the traditional sovereign immunity' cannot be implied but must be unequivocally expressed").

[27]*Keen*, 958 F. Supp. at 73-74.

[28]*See* H.R. Rep. No. 8(II), 103d Cong., 1st Sess., pt. 1, at 24 (1993); *Keen*, 958 F. Supp. at 73-74.

[29]*Mann*, 120 F.3d at 37.

[30]*Russello v. United States*, 464 U.S. 16, 23 (1983).

14

creates neither an express nor an implied right of action whereby federal employees may obtain judicial review of adverse FMLA decisions.[31]

Title II federal employees are not without recourse for alleged violations of the FMLA. Instead of bringing a civil action, a federal employee covered by Title II of the FMLA, seeking to redress a violation of the FMLA, may file an administrative grievance, where provided for by the union agreement or other internal grievance procedures.[32]   After proceeding through the administrative grievance procedures, an employee may pursue arbitration as provided for under the agreement.[33]   Further, as provided for in 31 U.S.C. § 3702(a)(2) and 5 C.F.R. §§ 178.101-178.107, an employee may also file an administrative claim concerning an FMLA leave dispute with the Office of Personnel Management (OPM).

Plaintiff cannot establish the court's jurisdiction of her FMLA claim, Count IV, and therefore it should be dismissed.

## LEGAL STANDARDS FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[34] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood

---

[31]*Mann*, 120 F.3d at 37.

[32]*See Mann*, 120 F.3d at 38.

[33]*Id.*

[34]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

of mustering factual support for *these* claims."[35] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[36] but requires more than "a sheer possibility."[37]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[38] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[39] A complaint must contain allegations giving defendants "fair notice of what the . . . claim is and the grounds upon which it rests."[40]  Moreover, the court need not assume that the plaintiff can prove facts different from those alleged.[41]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[42] Thus, the court must first determine whether the allegations are factual and entitled to an assumption of

---

[35]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[36]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[37]*Id.*

[38]550 U.S. 544 (2007)

[39]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555)

[40]*Id.* at 1961 (quoting Twombly, 550 U.S. at 555).

[41]*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations partially omitted).

[42]*Iqbal*, 556 U.S. at 678

truth, or merely legal conclusions that are not entitled to an assumption of truth.[43] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[44]   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[45]

## PLAINTIFF'S PERTINENT FACTUAL ALLEGATIONS

With regard to her disability discrimination claims, including both Count I and Count II, Plaintiff alleges she has been diagnosed with colitis and irritable bowels and her condition substantially limits the major life activity of sitting.  (Doc. 1, ¶ 9)  Plaintiff also alleges her job requires she sit for long periods of time.  (Doc. 1, ¶ 8)  In July of 2008, she asked her supervisor if she could use a heating pad at work to alleviate the discomfort associated with her medical condition. (Doc. 1, ¶ 15)  Defendant advised Plaintiff her request was denied because VA policy generally prohibits the use of privately owned electronic devices for personal comfort. (Doc. 1, ¶ 15)  Plaintiff implicitly acknowledges familiarity with the policy but, in conclusory fashion, asserts it was "outdated."   (Doc. 1, ¶ 15)  In September of 2008 Plaintiff provided Defendant medical documentation of her condition in the form of a letter from her doctor, dated September 8, 2008, and requested the use of a heating pad as an accommodation under the Rehabilitation Act. **Ex.3.**   On November 4, 2008, the documented request for an accommodation was approved.

---

[43]*Id.* at 678-79

[44]*Id.* at 679

[45]*Id*. At 678.

**Ex. 4**   Plaintiff alleges, in conclusory fashion, Defendant's approval of her requested accommodation was not "timely." (Doc. 1, ¶ 28)

From these facts the court must decide whether Plaintiff has stated a plausible claim for relief under the Rehabilitation Act, Title VII (retaliation) or the FMLA.

<u>**COUNT I AND COUNT IV SHOULD BE DISMISSED**</u>
<u>**FOR FAILURE TO STATE A CLAIM**</u>

As previously explained, Plaintiff's claim under 29 U.S.C. Section 794 (Count I) should be dismissed because that section does not waive the government's sovereign immunity. Additionally, Plaintiff's Complaint is subject to summary dismissal because the Tenth Circuit does not recognize 29 U.S.C. §794 as a basis for claims brought by federal employees.   The Tenth Circuit has held that 29 U.S.C. §791 or Section 501 of the Rehabilitation Act creates the exclusive right of action for federal employees alleging disability discrimination in the course of their employment.[46]

Plaintiff, like most federal employees, is covered by Title II of the FMLA.   Under Title II, federal employees do not have a private right of action and therefore Count IV does not state a claim for which relief may be granted.

Plaintiff's claims arise from her status as a Title II federal employee.   Therefore, Plaintiff has failed to state a proper claim for disability discrimination in Count I and interference with rights under the FMLA in Count IV and therefore they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[46]*Williams v. Widnall*, 79 F.3d 1003, 1004 n. 1 (10th Cir. 1996) ("§501(b) provides the only cause of action under the Act for federal employees who suffer disability based discrimination in the course of their employment.")   *See also*, *Rivera v. Heyman*, 157 F.3d 101, 104-05 (2nd Cir. 1998); *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir.   2005) (Section 501 of the Act is the sole remedy for Federal employees claiming disability discrimination); *Johnston v. Horne*, 875 F.2d 1415, 1420-21 (9th Cir. 1989); *Taylor v. Small*, 350 F.3d 1286, 1291 (D.C. Cir. 2003) (Section 504 does not provide federal employees an alternative route for relief under the Rehabilitation Act).

## PRIMA FACIE CASE, DISABILITY DISCRIMINATION

To establish a prima-facie case of discrimination against an agency of the United States under the Rehabilitation Act, a plaintiff must show that: (i) she is disabled; (ii) she would be otherwise qualified to perform the essential functions of her job;  (iii) the employer is a federal agency; and (iv) the employer discriminated against plaintiff on the basis of disability.[47]

## PLAINTIFF'S CLAIMS OF DISABILITY DISCRIMINATION IN COUNT I AND COUNT II SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to allege facts which if true establish a prima facie case of disability discrimination and therefore should be dismissed for failure to state a plausible claim. Plaintiff alleges she "suffers" from colitis and her condition limits her ability to sit comfortably. (Doc. 1, ¶ 9)  Assuming, for the sake of argument, that colitis is a disabling condition, the next question is whether it can be accommodated.  Plaintiff's Complaint fails to allege facts establishing her condition could be accommodated.  Plaintiff fails to assert any facts to establish that she was otherwise qualified to perform the essential functions of her job either with or without a reasonable accommodation, which is an essential element of her prima facie case.[48]  Plaintiff's assertion that she requested permission to use a heating pad to relieve her pain (Doc. 1, ¶ 14) even if assumed true, does not satisfy the requirement that Plaintiff plead facts which if true establish that she was otherwise qualified to perform the essential functions of her job.  Plaintiff acknowledges she was allowed to use a heating pad but does not allege that after she was

---

[47] *McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004).

[48] *McGeshick*, 357 F.3d at 1150.

accommodated she was able to maintain a regular work schedule.   Perhaps that is because she failed to report to work on a regular and consistent basis even after she was accommodated.

The prima facie case also requires allegations, which if true, establish intentional discrimination.   Plaintiff fails to allege facts which if true would establish Defendant discriminated against her because of her medical condition.   In July of 2008, Plaintiff asked her supervisor if she could use a heating pad at work to alleviate the discomfort associated with her medical condition. (Doc. 1, ¶ 15)   The request was denied because VA policy generally prohibits the use of privately owned electronic devices for personal comfort. (Doc. 1, ¶ 15)   Plaintiff implicitly acknowledges familiarity with the policy but, in conclusory fashion, asserts it was "outdated."   (Doc. 1, ¶ 15)   Missing from the Complaint are facts which, if true, would establish the policy was outdated and inapplicable to her situation.

Plaintiff was certainly made aware of the procedures for properly requesting an accommodation of a disability because she eventually got around to making the request in the proper manner.   In September of 2008 Plaintiff provided Defendant medical documentation of her condition in the form of a letter from her doctor, dated September 8, 2008, and requested the use of a heating pad as an accommodation under the Rehabilitation Act.   In October 2008, the documented request for an accommodation was approved.   Plaintiff alleges, in conclusory fashion, Defendant's approval of her requested accommodation was not "timely." (Doc. 1, ¶ 28) Missing from Plaintiff's Complaint are allegations which, if true, would support her allegation that Defendant failed to act in a timely manner.

Plaintiff has failed to plead a claim for discrimination under the Rehabilitation Act because she has failed to assert essential facts to support such a claim.   Accordingly, Count I and Count II

of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to set forth sufficient facts to state a cognizable claim.

**PLAINTIFF'S AFFIRMATIVE ACTION CLAIM
COUNT II SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Plaintiff labels Count II of her Complaint as "Failure to Take Affirmative Action" in which she asserts that 29 U.S.C. §791 requires federal agencies to affirmatively act to employ disabled individuals and the VA failed to take affirmative actions to maintain Plaintiff's employment. Section 791(b) requires that federal agencies, such as the VA, establish an affirmative action program for the hiring, placement, and advancement of individuals with disabilities.   To the extent it is Plaintiff's intent to plead a claim that the VA has failed to fulfill the literal requirement of Section 791(b), she has failed to provide sufficient factual allegations to support such a claim. Plaintiff's Complaint does not assert how or even that the VA has not established an affirmative action program for the hiring, placement and advancement of disabled individuals.    Thus, no such claim has been properly plead and any such claim must be dismissed.

To the extent Plaintiff is attempting to plead some other claim under the heading of "failure to take affirmative action,"   Count II of Plaintiff's Complaint makes the general allegation that "defendant failed to take affirmative actions to maintain the plaintiff's employment, thus causing the plaintiff's termination."   Doc. 1 at ¶28.   Plaintiff has failed to allege facts establishing the affirmative action required, how the VA failed to fulfill such an affirmative action requirement, and who at the VA failed to fulfill the requirement.   Plaintiff has also failed to allege that she was otherwise qualified to perform the essential functions of her job if "affirmative action" was taken.   Plaintiff's general allegation that she asked to use a heating pad to relieve her pain and her allegation that her request for an accommodation was not timely approved is simply

21

insufficient to state a claim.  Because Plaintiff has failed to set forth sufficient facts to state a cognizable claim that she was discriminated against pursuant to the Rehabilitation Act in support of Count II, it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### COUNT III SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

In Count III Plaintiff alleges Defendant violated Title VII by retaliating against her after she challenged a reprimand issued January 28, 2008, and a proposed ten day suspension alleging the discipline was motivated by her race.

### FEDERAL EMPLOYMENT EEO ADMINISTRATIVE REQUIREMENTS

Title VII contains a limited waiver of the United States' sovereign immunity for claims of federal employment discrimination; however, this waiver is specifically conditioned upon proper and timely exhaustion of Equal Employment Opportunity ("EEO") administrative remedies.[49]   It is well settled that a federal employee must exhaust all available administrative remedies before filing an employment discrimination complaint in the district court.[50]   The purpose of the requirement is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation.[51]   The EEOC has promulgated regulations[52] governing the acceptance and processing

---

[49]*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-4 (1990).

[50]*Brown v. General Services Administration,* 425 U.S. 820, 832 (1976); *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991) (stating "[t]he right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies . . ."); see also *Hall v. U.S. Postal Serv.*, 857 F.2d 1073, 1078 n.4 (6th Cir. 1988).

[51]*Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) (citing *EEOC v. Bailey*, 563 F.2d 439, 447 (6th Cir. 1977)).

[52]Pursuant to its authority, the EEOC issues rules and regulations implementing the provisions of Title VII. 42 U.S.C. § 2000e-16(b).   Regulations, properly promulgated, have the force and effect of law.   *United States v. Nixon,*   418 U.S. 683, 695 (1974).

of discrimination complaints in federal employment cases.[53]   These rules are not mere technicalities but integral parts of Congress's statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers."[54]

Failure to completely, properly, and timely exhaust administrative remedies deprives courts of subject matter jurisdiction and subjects a judicial complaint to dismissal.   The claims that a plaintiff presents to the district court must have first been presented in the administrative complaint for the district court to have jurisdiction.   Additional or different claims must be dismissed.[55]

## ADMINISTRATIVE AND PROCEDURAL HISTORY OF THIS MATTER

Plaintiff filed a formal administrative complaint dated November 4, 2008, alleging employment discrimination.   (Doc. 1, ¶¶ 10, 11)   Based on the allegations in her administrative complaint, the VA's Office of Resolution Management ("ORM"), which is responsible for accepting or denying formal discrimination complaints for investigation, accepted for investigation the issue of whether the denial of Plaintiff's July 21, 2008, request to use a heating pad was motivated by disability and or retaliation discrimination. *Shermain D. Green v. Shinseki,* 2011 WL 4343936 (E.E.O.C., September 2, 2011), **Ex. 5**.   In response to an amendment to her

---

[53]*See* 29 C.F.R. §§ 1614.104 - 1614.110 (detailing administrative processing of federal Title VII complaints).

[54]*Brown*, 425 U.S. at 833; *see also McKart v. United States*, 395 U.S. 185, 195 (1969);   *Davis*, 157 F.3d at 463.

[55] *Antol v. Perry*, 82 F.3d 1291, 1295-96 (3rd Cir. 1996) (plaintiff's judicial complaint of general discrimination dismissed where administrative claim only alleged disability discrimination); *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684-85( 8th Cir. 1996) (plaintiff failed to administratively exhaust challenge to promotion where administrative charge complained of harassment); *Bryant v. Bell Atlantic Maryland, Inc.,* 288 F.3d 124, 132 (4th Cir. 2002) ("the EEOC charge defines the scope of the plaintiff's right to institute a civil suit") (internal quotations and citations omitted).

original EEO complaint the ORM later agreed to also investigate whether Plaintiff's fourteen (14) day suspension, sustained December 31, 2008, and served from January 6, 2009, through January 19, 2009, was motivated by disability and or retaliation discrimination.  *Shermain D. Green v. Shinseki,* 2011 WL 4343936 (E.E.O.C., September 2, 2011), **Ex. 5**. These are the only claims that were exhausted through the administrative process and therefore the only issues relevant to Plaintiff's retaliation claim in Count III.

## PLAINTIFF'S ALLEGATIONS OF RETALIATION

In Count III Plaintiff alleges she engaged in protected activity in March of 2008 when she challenged a reprimand proposed January 28, 2008, and a ten (10) day suspension proposed in April of 2008 alleging race discrimination.  (Doc. 1, ¶ 32)  Plaintiff further alleges that this activity was a motivating factor in defendant's "adverse" decisions.  (Doc. 1, ¶ 33)  Other allegations presumably related to her retaliation claim are that on July 22, 2008, her supervisor, Mr. Isaacks, denied her request to use a heating pad at work (Doc. 1, ¶15) and, on December 31, 2008, he suspended her for fourteen (14) days for being absent without leave.   (Doc. 1, ¶ 19)   As noted, these were the only two claims investigated by the EEOC.

## RETALIATION, THE PRIMA FACIE CASE

To make a prima facie case of retaliation under Title VII, a plaintiff must show that she engaged in "protected opposition to discrimination," she suffered an "adverse employment action," and the adverse decision was motivated by the protected activity such that there was a causal connection between the two.[56]

---

[56]*Kendrick*, 220 F.3d at 1234.

An adverse employment action is one that is "materially adverse" to the employee's job status.[57] An action that is "a mere inconvenience or an alteration of job responsibilities" is not materially adverse to employment status.[58]   To constitute an adverse employment action, the employer's conduct must result in "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[59]

As noted, the issues Plaintiff exhausted through the administrative review process were whether the July 2008 denial of her request to use a heating pad and the fourteen (14) day suspension issued in December of 2008 were motivated by retaliation or disability discrimination. Accordingly, the question is whether the allegations in Plaintiff's Complaint establish a prima facie case of reprisal related to the initial denial of a heating pad and the fourteen (14) day suspension.

It is Plaintiff's burden to allege facts which if true would establish one or both of these events resulted in "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."   The Complaint is devoid of allegations to this effect.   To the contrary, the allegations in the Complaint suggest these events were inconsequential with respect to Plaintiff's job.

---

[57] *Sanchez v. Denver Pub. Schs.,* 164 F.3d 527, 533 (10th Cir.1998)

[58] *Heno v. Sprint/United Mgmt. Co.,* 208 F.3d 847, 857 (10th Cir.2000) (internal quotations omitted).

[59] *Hillig v. Rumsfeld,* 381 F.3d 1028, 1032-33 (10th Cir.2004) (internal quotations omitted).

Plaintiff acknowledges that she was ultimately permitted to use the heating pad. Therefore, the decision made in July 2008 was changed, and her request was approved, after Plaintiff asked that the heating pad be allowed as a means of accommodating a disability.

A suspension may constitute an adverse action but only if it materially affects the individuals employment status.   Plaintiff doesn't indicate whether she actually served the suspension but even if she did, it did not result in any change in her job, pay and benefits. Accordingly, in the circumstances, the suspension was not an adverse employment action.

Plaintiff voluntarily resigned from the VA effective April 12, 2009.   (Doc. 1, ¶ 20) Plaintiff does not say so, but it is logical to conclude she resigned because the heating pad she requested did not relieve her discomfort, which also suggests that even with the requested accommodation, Plaintiff could not do her job.

Plaintiff's Complaint also fails to allege facts establishing a causal connection between the protected activity and the alleged retaliation.   A causal connection may be shown by 'evidence of circumstances that justify an inference or retaliatory motive, such as protected conduct closely followed by adverse action.'[60]   Unless there is very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation.[61]   '[W]e have held that a one and one-half month period between protected

---

[60]*Burrus v. United Tel. Co. of Kan., Inc*., 683 F.2d 339, 343 (10th Cir. 1982) [cert. denied, 459 U.S. 1071 (1982)].

[61]*See, Conner v. Schnuck Mkts., Inc.,* 121 F.3d 1390, 1395 (10th Cir. 1997).

activity and adverse action may, by itself, establish causation.   By contrast, we have held that a three-month period, standing alone, is insufficient to establish causation.'[62]

There are no allegations in the Complaint that establish a causal connection between the protected activity, which occurred on March 21, 2008, when Plaintiff accused someone of race discrimination, and Mr. Isaacks' July 22, 2008 denial of her request to use a heating pad. Plaintiff's Complaint does not identify the person she accused of race discrimination in March of 2008.   Moreover, Plaintiff's allegation that she settled the matter in May of 2008 with the concurrence of Mr. Isaacks suggests an absence of any causal link.   (Doc. 1, ¶ 13) Certainly there was no "very close temporal proximity between the protected activity and the allegedly retaliatory conduct."[63]   Without very close temporal proximity between the protected activity and the allegedly retaliatory act the Plaintiff must allege additional facts to establish the causal link. There are no allegations establishing a causal link between the March 2008 EEO activity, initial denial of a heating pad, or the fourteen (14) day suspension proposed in December of 2008.

In sum, to decide whether Plaintiff has stated a plausible claim for relief the court must decide whether her allegations, if true, make it plausible that Mr. Isaacks' July 22, 2008, denial of her request to use a heating pad, and her suspension issued on December 31, 2008, were motivated by the claim of race discrimination she made against an unidentified person in March of 2008. Clearly they do not and therefore Count III of the Complaint should be dismissed.

---

[62]*Anderson v. Coors Brewing Co*., 181 F.3d 1171, 1179 (10th Cir. 1999); *O'Neal v. Ferguson Const. Co*., 237 F.3d 1248, 1253 (10th Cir. 2001); *Burlington Northern & Santa Fe Ry. v. White*, 584 U.S. 53, 68-69 (2006); *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1381 (10th Cir. 1994).

[63]*Schnuck Mkts., Inc*. 121 F.3d at 1395.

## CONCLUSION

For the reasons stated herein, Plaintiff's Complaint should be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted.

Wherefore, Defendant requests the relief requested by Plaintiff be denied, that judgment be entered in favor of Defendant, that this action be dismissed with prejudice, and that all costs be assessed against the Plaintiff.

Respectfully Submitted,

BARRY R. GRISSOM
United States Attorney

*s/D. Brad Bailey*
D. Brad Bailey
Assistant United States Attorney
Ks. S.Ct. No. 11345
Federal Building, Suite 290
444 SE Quincy Street
Topeka, Kansas 66683-3592
Telephone: (785) 295-2850
Facsimile: (785) 295-2853
E-mail: brad.bailey@usdoj.gov
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Alan V. Johnson, Attorney for the Plaintiff
Danielle N. Davey, Attorney for the Plaintiff

*s/D. Brad Bailey*
D. Brad Bailey
Assistant United States Attorney